# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| VALERIE BETH EVERETT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-01806 |
| FINANCIAL RECOVERY SERVICES, INC. and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT FOR RELIEF PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, VALERIE BETH EVERETT ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of FINANCIAL RECOVERY SERVICES, INC. ("FRS") and LVNV FUNDING, LLC ("LVNV" and collectively with FRS, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendants' unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana and most of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

1

## PARTIES

### PLAINTIFF

4. Plaintiff is a 52 year old natural person residing at 1607 Senior Court, Shelbyville, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff suffers from a variety of physical and mental issue including diabetes, bi-polar disorder, depression, and anxiety. She has been proscribed lithium by her doctors in conjunction with her conditions. Plaintiff is unemployed and is currently in the process of applying for disability income through the Social Security Administration.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

### FRS

7. FRS identifies itself by stating it has "excelled in the field of debt collections and receivables management. In the process, FRS has won numerous awards and distinguished itself as a proven solution to a variety of organizations."[1] From its office at 4510 West 77th Street, Suite 200, Edina, Minnesota, FRS is in the business of collecting the delinquent debts of others, including a consumer debt allegedly owed by Plaintiff.

8. FRS is a Minnesota corporation that conducts business in Indiana and is registered with the Indiana Secretary of State under business identification number 2005111000472.

9. FRS is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its correspondences and website, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1996.[2]

---

[1] http://www.fin-rec.com/who-we-are/about-us/
[2] http://www.acainternational.org/memberdirectory.aspx

## LVNV

11. LVNV "purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency."[3] From its headquarters at 625 Pilot Road, Suite 3, Las Vegas, Nevada, LVNV is in the business of purchasing and collecting the delinquent debts of others, including a consumer debt allegedly owed by Plaintiff.

12. LVNV is a Delaware corporation that conducts business in Indiana and is registered with the Indiana Secretary of State under business identification number 2012021600594.

13. LVNV is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

14. LVNV regularly identifies itself as a debt collector for the purposes of compliance with the FDCPA.

## FACTS SUPPORTING CAUSES OF ACTION

15. Plaintiff incurred a consumer credit card issued by CitiBank, N.A. ("CitiBank") under account number ending in 6535 ("subject consumer debt"). *See* attached Exhibit A is a true and correct copy of a collection communication sent to Plaintiff by FRS.

16. Due to lack of income as a result of her poor health, Plaintiff defaulted on her payments to CitiBank for the subject consumer debt on or around September 12, 2014. *See* Exhibit A.

17. On or around March 15, 2015, CitiBank charged-off the subject consumer debt. *Id.*

18. LVNV purchased the collection rights to the subject consumer debt from CitiBank after Plaintiff's default. *Id.*

---

[3] http://www.lvnvfunding.com/

3

19. After acquiring the subject consumer debt, LVNV engaged the services of FRS to collect payment from Plaintiff. *Id.*

20. On or around March 3, 2016, FRS caused to be sent a collection communication to Plaintiff seeking payment on the subject consumer debt. *Id.*

21. On the collection communication, FRS identified itself as a debt collector and stated that the balance of the subject consumer debt was $2,665.79. *Id.*

22. FRS proposed three different settlement offer to Plaintiff on behalf of LVNV. Depending on which settlement option she selected, Plaintiff was offered a savings on the subject consumer debt of $399.87, $266.57, and $133.28 respectively. *Id.*

23. Directly below the proposed settlement offers, the collection communication included a sentence which read, "This settlement may have tax consequences." *Id.*

24. Upon information and belief, LVNV instructed FRS to the above sentence in the collection communication.

25. Upon information and belief, neither of the Defendants report balances of debt forgiven that are not in excess of $600.00.

26. Concerned over Defendants' statement in the collection communication, Plaintiff authorized CLP to bring the instant proceedings.

27. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection communication.

28. Plaintiff has suffered financial loss as a result of Defendant's collection communication.

29. Plaintiff has been misled by Defendant's collection communication, subjecting her the threat of concrete harm.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt; The threat to take any action that cannot legally be taken or that is not intended to be taken; The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
> 15 U.S.C. §§1692e, e(2)(A), e(5), and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

32. Defendant violated 15 U.S.C. §§1692d, e, e(2)(A), e(10), and f by invoking the possibility of tax consequences in the March 3, 2016 collection communication. Defendant's collection letter stated, "This settlement may have tax consequences." Per the Internal Revenue Services'("IRS") guidelines, Defendants are only required to report cancellation of debt in certain circumstances, most notably those in which the debt forgiven exceeds $600.00. In the collection communication, the largest amount Defendants proposed to forgive was $399.87, well below the $600.00 reporting requirement.

33. As an experienced and sophisticated debt collectors, Defendants are under an affirmative duty not to make false and misleading statements to consumers they seek payment from. Defendants breached this duty by falsely stating that acceptance of a settlement offer may

have tax consequences. Not only are Defendants under no obligation to report such balances to the IRS, their actual practices follow this path as well.

34. Needlessly and falsely invoking the possibility of tax consequences had the natural effect of harassing Plaintiff. Defendants know that many consumers hold a significant fear of tax issues. By stating that the proposed settlements may have tax consequences, Defendants intended to elevate Plaintiff's concern over and response to the collection communication, increasing the likelihood of payment on the subject consumer debt.

35. As plead in paragraphs 27 through 29, Plaintiff has been harmed and suffered damages as a result of Defendants' false and deceptive actions.

WHEREFORE, Plaintiff, VALERIE BETH EVERETT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 6, 2016

Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609

Chicago, Illinois 60611  
(267) 422-1000 (phone)  
(267) 422-2000 (fax)  
nate.v@consumerlawpartners.com  
davidklain@aol.com
