**UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| VALERIE BETH EVERETT,<br><br>      Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVCIES, INC., and LVNV FUNDING, LLC.,<br><br>      Defendants. | CIVIL COMPLAINT<br><br>CASE NO.1:16-cv-1806 -JMS-MPB<br><br>Judge Jane Magnus-Stinson<br>Magistrate Judge Matthew P. Brookman |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS**

**I.     INTRODUCTION**

Plaintiff alleges Defendants violated 15 U.S.C. §§1692d, e, e(2)(A), e(5), e(10) and f of the Fair Debt Collection Practices Act ("FDCPA").  Defendants sent Plaintiff a collection correspondence that harassed and misled her.  Defendants' Motion to Dismiss should be denied for the foregoing reasons:

**II.     STATEMENT OF FACTS**

Plaintiff suffers from a multitude of physical and mental issues, including diabetes, bi-polar disorder, depression and anxiety. She is prescribed lithium as part of her daily care routine. Due to her extensive medical conditions, Plaintiff is not able to work. She is applying for disability income through the Social Security Administration.

Plaintiff obtained a consumer credit card issued by CitiBank, N.A. ("Citibank") ("subject consumer debt").  Due to her lack of income, Plaintiff was not able to pay her Citibank card account balance.  Plaintiff defaulted on the subject consumer debt on or around September 12,

1

2014.  On or around March 15, 2015, CitiBank charged-off the subject consumer debt.  Upon information and belief, LVNV Funding, LLC ("LVNV") purchased the collection rights to the subject consumer debt after Plaintiff's default.  Upon information and belief, LVNV engaged the services of Financial Recovery Services, Inc. ("FRS").  On or around March 3, 2016, FRS caused to be sent a collection communication to Plaintiff seeking payment on the subject consumer debt.  On the collection communication, FRS identified itself as a debt collector and stated that the balance of the subject consumer debt was $2,665.79.  FRS proposed three different settlement offers to Plaintiff on behalf of LVNV.  The first settlement option was a lump sum payment of $2,265.95, for a savings of $399.87.  The second option offered to settle for two payments for a totalizing of $2,399.22, for a savings of $266.77. Finally, Defendants offered a third settlement option which required three payments totaling of $2,532.51, for a savings of $133.28.   Directly below the proposed settlement offers was the statement, "This settlement may have tax consequences."  None of the Defendants' settlement options would trigger IRS involvement. The IRS requires the reporting of all write offs and savings of $600.00 or greater.  Upon reading the collection correspondence, Plaintiff became concerned the IRS would become involved.

### III. STANDARD OF REVIEW

#### A. Standard of Review for a 12(b)(1) Motion to Dismiss.

A Court reviewing a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction must evaluate several factors.  "The [C]ourt must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the plaintiff."  *Conner v. Howe,* 344 F.Supp. 2d 1164, 1169 (S.D. Indiana 2004).  A Court may extend the jurisdictional requirements of a complaint and weigh whatever evidence has been submitted by the parties to determine whether subject

matter jurisdiction exists. *Id.* Supreme Court case law has established "the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized" and (b) "actual" or imminent, not 'conjectural' or hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be 'fairly…trace[able] to the challenged action of the defendant, and not…th[e] result of the independent action of some third party not before the court. Third, it must be "likely" as opposed to merely "speculative", that the injury will be "redressed by a favorable decision." Further, "the party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1997) (internal citations omitted).

### B.  Standard of Review of a 12(b)(6) Motion to Dismiss.

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* The Court laid out two principles in *Twombly*. "First, the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

A complaint under Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing the pleader is entitled to relief." *Twombly,* 550 U.S. at

555. A complaint need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Rule 8(a)(2) requires that the "plain statement possess enough heft to sho[w] that the pleader is entitled to relief." *Twombly,* 550 U.S. at 557.

### IV. PLAINTIFF'S CLAIMS

Defendants violated 15 U.S.C § 1692d because the collection correspondence harassed Plaintiff. The code prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d. Defendants harassed Plaintiff by including the language "this settlement may have tax consequences," when none of the settlement offers made in the collection correspondence would trigger the $600.00 tax reporting threshold. Due to the inclusion of this language, Plaintiff became distressed that the IRS would become involved.

Defendants violated 15 U.S.C. §§1692e, e(2)(A), e(5) and e(10). Under this provision "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2)(A) The false representation of- the character, amount, or legal status of any debt. (5) the threat to take any action that cannot legally be taken or that is not intended to be taken, and (10) The use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer." Defendants' collection correspondence falsely represented to Plaintiff, were she to accept any of the settlement options that there may be tax consequences with the options she was offered. This is misleading as there could not be any tax consequences on the settlement options that she was

offered.  The collection correspondence misled Plaintiff into believing acceptance of one of the settlement options would trigger tax consequences.

Defendants also violated 15 U.S.C. § 1692f, which states "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Defendants used a collection ploy by including language that the settlement may have tax consequences, when they knew that to be a false and inaccurate statement. There was not one possibility proposed by the Defendants that would trigger the IRS reporting threshold.  Plaintiff was distressed and misled by Defendants' ploy. She had no prior business relationship with them and she received a collection correspondence demanding payment otherwise the IRS would become involved.

V.   ARGUMENT

A.  Plaintiff Satisfies its Burden under 12(b)(1).

Under *Lujan*, Plaintiff has suffered an injury in fact which is concrete and particularized, and is actual, not imminent.  Plaintiff is a medically fragile individual; she suffers from debilitating mental disorders such as bipolar disorder, depression, and anxiety.  She requires lithium daily and is unable to work. Upon reading Defendants' collection correspondence that stated her settlement offers may have tax consequences, which is not an accurate statement, she became distressed because she believed the IRS would become involved.  Defendants' collection correspondence misled Plaintiff and exacerbated her medical conditions.

Plaintiff has satisfied the three standing requirements under *Lujan.*  Plaintiff, suffered in an injury in fact, which was concrete and particularized, and the injury was not hypothetical.  Plaintiff was misled, harassed, and deceived by Defendants' collection correspondence.  Plaintiff is a medically fragile individual and when she read the Defendants' collection correspondence, her depression and anxiety worsened.  Plaintiff has established standing under *Lujan.*

Plaintiff has standing to bring her cause of action in the instant proceeding and this Honorable Court should deny Defendants' 12(b)(1) motion. However, should this Honorable Court find that Plaintiff has not meet her burden, she seeks leave of the Court to cure the defective complaint by filing an amended complaint.

### B. The Tax Language Used by Defendants is Incomplete and False as Applied to Plaintiff.

Defendants dedicated a significant portion of their brief to the discussion of the IRS tax guidelines which are not relevant to Plaintiff's position. Plaintiff does not assert that Defendants misstated the tax code *per se,* but rather Plaintiff asserts the language used in the collection correspondence was incomplete and inapplicable to Plaintiff. Defendants' inclusion of the statement that the settlement options "may have tax consequences" is false as applied to Plaintiff as none of the settlement options rose to the $600.00 threshold that triggers IRS involvement.

Even if assuming *arguendo*, Defendants properly stated the tax code, Defendants fail to understand the crux of Plaintiff's argument: invoking the tax language in the collection correspondence violated 15 U.S.C. §1692e of the FDCPA because it misled Plaintiff. Every settlement option offered to Plaintiff fell short of the $600.00 reporting threshold. None of the three options would require invoking the IRS, yet Defendants intentionally included tax language in the collection correspondence. Defendants' collection correspondence made a false and deceptive statement in an attempt to collect Plaintiff's debt. Under 15 U.S.C. §1692e, the 7th Circuit has found that "a statement isn't 'false' unless it would confuse the unsophisticated consumer. The unsophisticated consumer may be "uniformed, naïve [and] trusting." *Lox v. CDA,* 689 F.3d 818, 823 (7th Cir. 2012). Due to her education, socio-economic background and her health issues, Plaintiff would be considered an unsophisticated consumer. Defendant knew Plaintiff is an unsophisticated consumer, yet acted intentionally by using incomplete and

6

misleading language in its statement that the settlement options "may have tax consequences." Defendant knew this incomplete language would confuse an unsophisticated consumer like Plaintiff. Plaintiff asserts the tax language was needlessly invoked to deceive Plaintiff into believing that the IRS would become involved.

### C. The Collection Correspondence is Deceptive and Misleading.

Congress created the FDCPA to "eliminate abusive debt collection practices which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to the invasions of individual privacy." *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.2000)(citing to *Miller v. Payco-General American Credits, Inc.,* 943 F.2d 482-484)(4th Cir.1991). Congress sought to eliminate abusive debt collection activities by prohibiting debt collectors from sending false, deceptive, or misleading communications to a consumer. 15 U.S.C. §1692e. The Senate report on the FDCPA emphasized the list of prohibitive conduct is not exhaustive, the "courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." *S.Rep. No. 382,* 95th Cong., 1st Sess.4,8 reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702.

Defendants' collection correspondence was deceptive and misled Plaintiff. As stated prior, Defendants offered three settlement options, none of which triggered the $600.00 reporting threshold. There was no reason for Defendants to mention tax consequences. Defendants are not tax attorneys; they are debt collectors. Courts have routinely held that debt collectors are not under any obligation to advise consumers of tax consequences. *See Altman v. J.C. Christensen & Associates, Inc.,* 786 F.3d 191, 192 (2nd Cir. 2015)(Court held a debt collector need not warn of possible tax consequences does not violate the FDCPA); *Schaefer v. ARM Receivable Mgmt., Inc.,* 2011 WL 2847768 at 5 (D. Mass. July 19, 2011)(holding that" [t]he language of the

FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt") The only reason Defendants inserted the tax language into Plaintiff's collection correspondence was to intimidate her into immediate payment, out of fear the IRS would become involved. Defendants' collection correspondence was deceptive, false, and misleading.

Defendants' brief cites cases in which the court held that the inclusion of 1099C language in cases that settled for less than $600.00 violated the FDCPA. *See Foster v. AllianceOnce Receivables Mgmt., Inc.,* No. 15-CV-11108, 2016 WL 1719824 (N.D. Ill. Apr. 28, 2016); *Balon v. Enhanced Recovery Co., Inc.,* No. 3:16-CV-0410, 2016 WL 3156064 (M.D. Pa. June 2, 2016); *Velez v. Enhanced Recovery Co., LLC,* No. CV-16-164, 2016 WL 1730721 (E.D. Pa. May 2, 2016); *Good v. Nationwide Credit.,* 55 F.Supp. 3d 742 (E.D. Pa. 2014). The case at bar is distinguishable from the above referenced cases because the collection correspondence in the case at bar included language that stated "[t]his settlement may have tax consequences" and the above referenced cases held the inclusion of the 1099C language when the settlement options did not trigger than $600.00 violated the FDCPA. *See* Plaintiff's Complaint at Law. Defendants' inclusion of the language that there may be tax consequences does not avoid liability of the FDCPA because it is misleading and confusing due to the fact that none of the Defendants' settlement offers would invoke any tax consequences.

The cases Defendants cite all turn on a different fact patterns than the case at bar. In the above referenced cases, the defendants included 1099C language that indicated the tax reporting threshold *may* be triggered by amounts over $600.00. The holdings in the above referenced cases generally stated that inclusion of the tax language for savings or write-offs of less than $600.00 violated the FDCPA. In the case at bar, Plaintiff received a letter stating that the

settlement options *"may* have tax consequences," with no surrounding clarifying language or any supporting information on what may trigger these tax consequences. *See* Plaintiff's Complaint. Defendants' language was incomplete and intentionally misled Plaintiff into believing the IRS would become involved.

### D. Defendants' Reliance on *Rhone* is Misplaced.

Defendants also cite to *Rhone v. AllianceOne Receivables Mgmt., Inc.,* No. 1:14-CV-02034-JMS, 2015 WL 4758786 at *5 (S.D. Ind. Aug. 12, 2015) in that case, the Court rejected a consumer's claim that the inclusion of the 1099C disclosure language might be misleading. The Court held that the debt collector's use of an unconditional term-'*any* settlement write off' -with a conditional term '*may* be reported to the internal revenue service-may be poor phrasing, but misleading or deceptive it is not." *Rhone* at *5. In *Rhone,* the plaintiff incurred a debt of $393.74, and the defendant offered $236.24 as a settlement offer in a collection correspondence. *Rhone* at *2. The collection correspondence included the following language: "Please be advised that any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client." *Id*. This differs significantly from the facts in the present case. In the case at bar, Plaintiff received a collection correspondence that offered three options that fell far short of the $600.00 IRS reporting threshold, and Defendants included incomplete language that intimidated and misled Plaintiff. *See* Plaintiff's Complaint. The language "This settlement may have tax consequences," intentionally misled and confused Plaintiff, an unsophisticated consumer. The pared down language, unlike in *Rhone,* is not surrounded by qualifying language of the $600.00 threshold. An unsophisticated consumer, like Plaintiff, would not be aware of the $600.00 reporting threshold; she only read that her settlement options "may have tax consequences." *Id.* This is substantially different than the 1099C language in *Rhone,* which attempts to inform the

9

consumer of the IRS reporting threshold. If Defendants incorporated the tax statement in *Rhone,* which included clarifying information regarding the $600.00 threshold, in its collection correspondence, Plaintiff would have reasonably understood that she would not endure any tax consequences. However, Defendants selected tax language that misled and confused Plaintiff. An unsophisticated consumer like Plaintiff, does not understand the vague term that the settlement "may have tax consequences," without the supporting language included in *Rhone*. The clarifying language in *Rhone* effectively communicated that tax consequences do not apply to write-offs or savings under $600.00. However, in the case at bar, Defendants stated the settlement *may* have tax consequences, when none of the settlement options would trigger any tax consequences. The inclusion of the tax statement in the collection correspondence misled and deceived Plaintiff, and is distinguishable from the facts in *Rhone*.

While the Defendants' tax statement may not be false in all respects, it certainly is not completely true. *Good v. Nationwide Credit, Inc.,* 55 F. Supp.3d 742, 747 (E.D. PA. 2014). In *Good,* one of the plaintiff's received a collection correspondence that invited him to settle his $613.03 consumer debt balance for $189.90, a savings of $429.13. The defendant included the following language in collection correspondence: "GE CAPITAL RETAIL BANK is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600.00 or more." *Good,* 55 F.Supp.3d at 745. The Court held that the 1099C language mislead the Plaintiffs. In the case at bar, Defendants' included "[t]his settlement may have tax consequences," which none of the settlement options would trigger any tax consequences. Defendants' tax statement is false and mislead Plaintiff.

### E. The Collection Correspondence is Threating, Unfair, and Unconscionable.

Defendants' collection correspondence is threatening, unfair, and unconscionable. As discussed above, none of Defendants' settlement options trigger the IRS reporting threshold. The statement that "[t]his settlement offer may have tax consequences," is not true as applied to Plaintiff. The Defendants' statement threatened involvement of the IRS, when that is not a legal possibility given the proposed settlement savings. Defendants' inclusion of the tax consequence language misled Plaintiff to believe the IRS will become involved. Defendants' use of the vague "may have tax consequences" statement is meant to intimidate Plaintiff, which violated the FDCPA.

## VI. CONCLUSION

For the reasons articulated above, Plaintiff respectfully requests that this Honorable Court denies Defendants' Motion to Dismiss Plaintiff's Complaint.

Dated: September 6, 2016

Respectfully Submitted,
s/David S. Klain
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
davidklain@aol.com

## CERTIFICATE OF SERVICE

I, David S. Klain, an attorney for Plaintiff, certify that on September 6, 2016, I caused the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS** to be served upon the Defendants through the Court's electronic filing system CM/ECF.

/s/ David S. Klain
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
davidklain@aol.com
